Walker v. Hokom.

HIRAM P. WALKER, APPELLANT, V. JOHN HOKOM ET· AL., APPELLEES.

FILED OCTOBER 17, 1913. No. 17,306.

1. **Principal and Agent:** AUTHORITY OF AGENT: MORTGAGES. The evidence examined, and it is found that J. O. W. was the duly authorized agent of plaintiff to loan money, receive payment thereof, and to reloan the same, under the direction of plaintiff, but that he had no authority, either express or implied, to bind plaintiff by the purchase and sale of the mortgaged property in his own name, without the knowledge, consent or ratification of plaintiff, and obligate plaintiff to release the security thereon.

2. **Mortgages:** FORECLOSURE: AUTHORITY OF AGENT. J. O. W. was the agent of plaintiff for the purpose of loaning money, with general authority to receive and reloan the proceeds upon security to be approved by plaintiff. Under such agency and authority he loaned C. $800, taking a promissory note therefor, payable to plaintiff, secured by a mortgage on real estate. He subsequently purchased the real estate, paying the difference between the purchase price and the money secured by the mortgage, taking title in his own name, and undertaking to procure, cancel and return the mortgage and surrender the note secured thereby. He afterwards sold the property to defendant. Plaintiff, the owner of the note and mortgage, had no knowledge of what J. O. W. had done and never consented to nor ratified the transaction. The mortgage was of record in the mortgage records of the county and so continued, uncanceled and unsatisfied. *Held,* That in an action by plaintiff, the mortgagee, to foreclose the mortgage, he was entitled to a decree.

APPEAL from the district court for Clay county: LESLIE
G. HURD, JUDGE. *Reversed with directions.*

*Ambrose C. Epperson*, for appellant.

*Charles H. Sloan, Frank W. Sloan* and *J. J. Burke*,
contra.

REESE, C. J.

This is an action to foreclose a mortgage on the north
half of lots 12 and 13, and the west 50 feet of the north
100 feet of lot 14, and the east 50 feet of the south 150 feet
of lot 13, all in block 2, of Walker's First addition to the
town of Ong, in Clay county, given by John Carlson, a
former owner, and his wife to plaintiff on the 1st day of
July, 1901, to secure their note for $800. The petition is
in the usual form, except that it is alleged that, subse-
quent to the execution of the mortgage, the mortgagors
conveyed certain portions of the mortgaged property to
others, who are made defendants, but no question is pre-
sented which requires further notice of them. The an-
swer of defendant Hokom consists, first, of a general
denial of all unadmitted averments of the petition; second,
it is alleged that the loan to secure which the note and
mortgage were given was negotiated through J. O. Walker,
who was, on and prior to July 1, 1901, and for more than
7 years thereafter, the legally authorized agent of plain-
tiff to loan money, buy and sell commercial paper, indorse
and assign notes and securities, both real and personal,
for plaintiff, and to collect and receipt for all such, and
that the note was taken by J. O. Walker for plaintiff under
such contract of agency; that the said J. O. Walker
thereafter received payment from the mortgagors and
others of the full amount due on said note and mortgage;
that at the time of receiving the same the said J. O.
Walker had full right and authority to collect and receive
the same and so bind plaintiff, his principal, and the pay-
ment was received on behalf of plaintiff; that by such pay-

ment the debt was paid and extinguished, the note and mortgage thereby canceled, the lien destroyed, and defendant entitled to a cancelation thereof of record, and the cause dismissed. The reply is a general denial. A trial was had, which resulted in a finding and decree by the court in favor of defendants, canceling the mortgage, and dismissing plaintiff's petition. Plaintiff appeals.

There is but one serious contention in the case. The evidence shows that J. O. Walker purchased the mortgaged property of the mortgagors for the sum of $1,300; that he paid therefor by agreeing to cancel and return the note and mortgage and by paying in cash the sum of $500, taking a deed to himself, and that he subsequently sold the major portion of the property to defendant Hokom for the expressed consideration of $1,500. The note and mortgage were neither canceled nor returned to the mortgagors, nor had the plaintiff any notice or knowledge of the transaction between the mortgagors and Walker, nor of the sale and conveyance by him to defendant Hokom. It is conceded by plaintiff that J. O. Walker had full authority to collect and receipt for the payment of the principal and interest of the many loans which he had made in that vicinity for plaintiff, but it is insisted that J. O. Walker had no authority, either express or implied, to purchase the mortgaged property, taking title in his own name, paying the excess of the consideration, and agreeing to cancel and return the mortgage and note, but which he never did, and of which transaction plaintiff had neither knowledge nor notice until after the death of J. O. Walker, when he discovered the facts, but which he never ratified nor consented to by any action on his part. There is no averment of accord and satisfaction in the answer; the issue of payment being alone presented.

It is contended by plaintiff that the law is that an averment of payment in a case of this kind can be sustained only upon proof that the alleged payment was made in money or what usually passes and is treated in commerce as money, and that a transaction of the kind be-

29

tween J. O. Walker and the mortgagors can in no event be treated as payment. As there is no issue of estoppel by ratification or otherwise presented in the answer, we are impressed with the belief that plaintiff's contention is correct, but we do not decide the case upon that point.

The testimony of plaintiff was taken, and a large number of letters from him to J. O. Walker were introduced in evidence. It is made clear that J. O. Walker was the agent of plaintiff to loan money for the latter, and to receive the prinicipal and interest, either remitting the money to plaintiff or reloaning it to other borrowers in the name of plaintiff (uncle of J. O. Walker) and upon securities to be approved by plaintiff, who is a nonresident of the state. We have examined the bill of exceptions closely, and are wholly unable to discover any evidence of other authority given to J. O. Walker, or of other transactions of a similar kind by him. The letters from plaintiff to J. O. Walker all tend strongly to show that proposed new loans were submitted to plaintiff, and he gave specific directions as to the making thereof. It is true that this was not always done, as J. O. Walker seemed to conduct a part of the business in his own way, at times taking the mortgages in his own name, and when payments were made entering the satisfaction of the mortgage, under the direction of plaintiff, but we are unable to find any evidence whatever that J. O. Walker's authority extended beyond this. The relations between the parties appear to be of the most confidential character, but the agency of J. O. Walker was at all times limited to his one line of employment. In the case now before us he clearly exceeded his authority, not only in the purchase of the land, but in making the purchase for himself, taking title in his own name, and selling it to defendant and retaining the proceeds of the sale, never at any time nor in any manner notifying plaintiff of what he had done. While it is true that he gave his promise to Carlson, the mortgagor, that he would procure and cancel the mortgage and return same with note to Carlson, yet he never

did either, the note at least, and probably the mortgage, remaining in plaintiff's possession. Carlson conveyed the mortgaged property to J. O. Walker, received the difference between the amount of the mortgage and purchase price, and accepted Walker's word to cancel and return the mortgage and surrender the note. The mortgage remained uncanceled and unsatisfied of record. We readily and fully appreciate that the foreclosure of the mortgage will result in a hardship upon the mortgagor and the defendant Hokom, the grantee of J. O. Walker, but in this we are met by the fact that the mortgage has been at all times, since its execution and recording, upon the mortgage records of the county, and that defendant Hokom had it within his power to protect himself by an examination of the records, of the contents of which he was charged with notice, before making the purchase of the mortgaged property. The familiar rule that the loss must fall upon the party whose want of care contributed thereto must be applied.

The decree of the district court is reversed and the cause remanded thereto, with directions to said court to enter a decree foreclosing the mortgage in accordance with the prayer of plaintiff's petition.

REVERSED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.